# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

The Trustees of the Roofers Local No. 96 Fringe Benefit Funds and the Trustees of the National Roofing Industry Pension Plan,

Plaintiffs,

vs.

TGC Services, Inc., a Minnesota corporation;

Defendant.

Civil File No. 0:01-CV-2037 MJD/RLE

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

---

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

______________________________, appeared for Defendant.

---

This matter came on for hearing before the Court on February 22, 2002, on Plaintiffs' motion for entry of Defendant's default and for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on November 21, 2001.

2. That Defendant is neither an infant nor an incompetent person.

3. That Defendant has failed to Answer, or otherwise defend, and is in default.

4. Defendant is signatory to the Articles of Agreement between the Duluth Roofing Contractors Association and Roofers Local Union No. 96.

FILED MAR 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 15 2002
DEPUTY CLERK ______

5. Pursuant to the above-referenced Articles of Agreement, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendant's delinquency because they have a continuing obligation to provide benefits regardless of whether Defendant submits the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendant resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Articles of Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Defendant's default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendant is in default, and Plaintiffs are entitled to judgment against Defendant for delinquent fringe benefit contribution payments, liquidated damages, audit fees, attorney fees, and costs in the amount of $225.00

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendant's books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendant in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 22, 2002

Michael J. Davis
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.